# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2954 | **DATE** | January 26, 2012 |
| **CASE TITLE** | *Wychocki v. Franciscan Sisters of Chicago, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motion for a preliminary injunction [124-1] is denied.

■[ For further details see text below.]

00:00

# STATEMENT

Leonard Wychocki filed suit against Franciscan Sisters of Chicago and Franciscan Sisters of Chicago Service Corporation (collectively, "FSC") for recovery of deferred compensation and benefits allegedly due under a deferred compensation plan. FSC then filed a counterclaim and third-party complaint, respectively, against Wychocki and Julie Secviar alleging fraud, fraud in the inducement, conspiracy to commit fraud, breach of fiduciary duty, unjust enrichment and breach of contract.

Wychocki has filed a motion for a preliminary injunction asking the court to issue an order directing the defendants to preserve the status quo with respect to the balance of Wychocki's supplemental executive retirement plan ("SERP") account currently being held in trust pending the outcome of this litigation. For the reasons stated herein, the motion is denied.

**Facts**

Wychocki filed the instant suit seeking to recover approximately $800,000 under a SERP provided to him by FSC. The funds are currently being held in trust with National Trust Management Services. Wychocki's counsel asserts that on October 5, 2011, a National Trust employee, Glen Armond, told him that Armond and his assistant had received several calls from FSC and their counsel in this case demanding that the funds in the trust be immediately forwarded to FSC. According to counsel, Armond stated that the callers had indicated that the trust had been terminated. When Armond demanded the appropriate resolutions or an affidavit attesting to the termination prior to disbursing the funds, neither was forthcoming. Wychocki now seeks a preliminary injunction prohibiting the defendants from taking action to terminate the trust and from transferring or otherwise disposing of any funds or assets associated with the SERP at issue.

| STATEMENT |
|---|

     To succeed on a motion for a preliminary injunction, a party must show that (1) it has some likelihood of success on the merits; (2) it has no adequate remedy at law; and (3) it will suffer irreparable harm if the court does not grant the preliminary injunction. *See Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011) (citations omitted). In the event that the moving party establishes these three elements, "the district court weighs the factors against one another, assessing whether the balance of harms favors the moving party or whether the harm to the nonmoving party or the public is sufficiently weighty that the injunction should be denied." *Id*. at 694 (*citing Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006)).

**Analysis**

     The analysis begins and ends with the second factor–whether Wychocki has an adequate remedy at law. "The question is . . . whether the plaintiff will be made whole if he prevails on the merits and is awarded damages." *Roland Mach. Co. v. Dresser Indus., Inc*., 749 F.2d 380, 386 (7th Cir. 1984). As noted by FSC, if Wychocki is successful and the defendants are ordered to turn over the amount that Wychocki is due under the SERP, then he will be made whole by such an award. Wychocki does not deny this fact and instead asserts that "[r]emoval of the funds from the Trust contrary to the terms of the trust requires an order by a court of equity having jurisdiction over the trustee." Reply at 9, Dkt. #140. He further contends that "it is unclear whether termination of the rabbit trust would create an inadvertent tax liability and penalties." *Id*. But neither of these points undercuts the fact that if Wychocki prevails, he can be made whole with a money damages award. As noted by the defendants, even if money is withdrawn from the trust, nothing would preclude them from using other funds to satisfy any judgment in Wychocki's favor. Moreover, Wychocki has not pointed to any evidence suggesting that the defendants would be unable to satisfy an award by using other monies.

     Because Wychocki has an adequate remedy at law, the motion for preliminary injunction is denied.